NOT FOR PUBLICATION

**FILED**

AUG 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUSTAVO VALADEZ MARTINEZ, | No. 19-72631 |
| Petitioner, | Agency No. A206-538-990 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2021[**]
San Francisco, California

Before: McKEOWN, FORREST, and BUMATAY, Circuit Judges.
Concurrence by Judge BUMATAY

Gustavo Valadez Martinez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from

the Immigration Judge's ("IJ") decision denying his application for cancellation of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

removal under 8 U.S.C. § 1229b(b)(1).  Because we lack jurisdiction over Valadez

Martinez's petition, we dismiss it.

Valadez Martinez argues that the IJ and BIA erred in determining that he did

not establish that his removal would result in exceptional and extremely unusual

hardship to his qualifying relatives because they failed to properly apply the legal

standard to the undisputed facts.  *See* 8 U.S.C. § 1229b(b)(1)(D).  But as we have

held, "we lack jurisdiction to review the IJ's subjective, discretionary

determination that [a petitioner] did not demonstrate 'exceptional and extremely

unusual hardship' under 8 U.S.C. § 1229b(b)(1)(D)."  *Martinez-Rosas v. Gonzales*,

424 F.3d 926, 930 (9th Cir. 2005); *see also* 8 U.S.C. § 1252(a)(2)(B)(i)

("Notwithstanding any other provision of law[,] . . . no court shall have jurisdiction

to review . . . any judgment regarding the granting of relief under section . . .

1229b, [the cancellation of removal provision].").

Nonetheless, Valadez Martinez argues that the Supreme Court's recent

decision in *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020), establishes that his

challenge falls within the exception to this jurisdictional bar set out in 8 U.S.C. §

1252(a)(2)(D), which provides that the limitation on judicial review in 8 U.S.C. §

1252(a)(2)(B)(i) "shall [not] be construed as precluding review of constitutional

claims or questions of law."  8 U.S.C. § 1252(a)(2)(D).  Specifically, Valadez

Martinez argues that *Guerrero-Lasprilla*'s conclusion that the phrase "questions of

2

law" in § 1252(a)(2)(D) includes "the application of a legal standard to undisputed or established facts," 140 S. Ct. at 1067, provides for judicial review of whether the BIA correctly applied the "exceptional and extremely unusual hardship" standard to the facts of his case.

Not so. Long before the Court concluded in *Guerrero-Lasprilla* that the phrase "questions of law" in § 1252(a)(2)(D) includes "the application of a legal standard to undisputed or established facts," *id.*, we concluded the same. *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007). Accordingly, the principle announced by the Supreme Court in *Guerrero-Lasprilla* has long coexisted with our jurisprudence under § 1252, including our holding that the hardship determination is a subjective, discretionary determination that we lack jurisdiction to review. Thus, though we concluded nearly 15 years ago that we possess jurisdiction under § 1252(a)(2)(D) to review questions involving the application of statutes or regulations to undisputed facts, neither *Ramadan*'s holding, nor by extension the Court's holding in *Guerrero-Lasprilla*, "infringe[s] upon the rule that discretionary determinations are beyond our review." *De Mercado v. Mukasey*, 566 F.3d 810, 815 n.3 (9th Cir. 2009).

Because we lack jurisdiction to review the agency's determination that Valadez Martinez failed to establish that his removal would result in exceptional and extremely unusual hardship to his qualifying relatives, we dismiss his petition for review.

**PETITION DISMISSED.**

FILED

AUG 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

As a matter of text, structure, and history, the "exceptional and extremely unusual hardship" determination under 8 U.S.C. § 1229b(b)(1)(D) appears to be a mixed question of law and fact. *See Trejo v. Garland*, 3 F.4th 760, 766–74 (5th Cir. 2021); *Singh v. Rosen*, 984 F.3d 1142, 1150–54 (6th Cir. 2021). Under recent Supreme Court precedent, we retain jurisdiction over such questions. *See Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020).

I still concur with the court's decision to dismiss this petition for lack of jurisdiction, however, because binding precedent dictates that we treat the hardship determination as a discretionary question. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003). We are accordingly precluded from reviewing petitioner's claim. *See* 8 U.S.C. § 1252(a)(2)(B).